USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/3/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

Christopher Hiram Cano

         Plaintiff,     19 Civ. 1640 (LGS)

   -v-

City of New York, et al.,     AMENDED CIVIL CASE
                MANAGEMENT PLAN
         Defendants.    AND SCHEDULING
                ORDER

------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

  This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.  All parties [do not consent] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2.  The parties [have] conferred pursuant to Fed. R. Civ. P. 26(f).

3.  This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

  a. An employment case governed by the Initial Discovery Protocols for Employment cases?
    [No]

  b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York?
    [No]

  c. A patent case subject to the Local Patent Rules and the Court's Individual Rules?
    [No]

Revised November 9, 2018

    d.       A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?
[No]

4. Alternative Dispute Resolution/Settlement

    a.       Settlement discussions [have not] taken place.

    b.       Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
Defendant City will send Plaintiff Local Civil Rule 33.2 disclosures on or before July 19, 2019.
Plaintiff has provided discovery as attachments to the Complaint.

    c.       Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
Both parties are open to a settlement conference before a Magistrate Judge in the future, if such a conference becomes necessary.

    d.       Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
Both parties are awaiting documentation necessary to assess the action before proceeding with settlement negotiations.

    e.       **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. No additional parties may be joined after ___July 1, 2019___ without leave of Court.

6. Amended pleadings may be filed without leave of Court until ___July 1, 2019___.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) ___are not applicable___.
Disclosures pursuant to Local Civil Rule 33.2 will be provided to Plaintiff on or before July 19, 2019.

8. Fact Discovery

   a. All fact discovery shall be completed no later than ~~September 4, 2019~~ November 4, 2019.
      *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by __July 1, 2019__.

   c. Responsive documents shall be produced by __August 1, 2019__.
      Do the parties anticipate e-discovery? [No]

   d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by __July 1, 2019__.

   e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by ~~September 4, 2019~~ November 4, 2019.

   f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by __August 1, 2019__.

   g. **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

   a. Anticipated types of experts if any:
      __Neither party anticipates the use of any experts at this time.__

   b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than _____.
      *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* Omit if you have not identified types of experts.

   c. If you have identified types of experts in question 9(a), by _____ *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

3

10. This case [is] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is __four days__.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:
    Defendant City anticipates that a Stipulation and Protective Order may be needed for the production of documents to Plaintiff pursuant to Local Civil Rule 33.2. At that time the parties will submit a joint, proposed Stipulation and Protective Order for the Court's review and endorsement.

13. Status Letters and Conferences

    a. By ~~July 8, 2019~~ **September 24, 2019 and October 22, 2019** *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

    b. By ~~September 18, 2019~~ **November 4, 2019** *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c. On ~~September 24, 2019 at 11 A.M.~~ **January 9, 2020** *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

        ii. If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

4

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Counsel for the Parties:

/s
Christopher Hiram Cano
Plaintiff Pro Se

Samantha J. Pallini
Assistant Corporation Counsel
Special Federal Litigation Division

The Clerk of Court is respectfully directed to mail a copy of this order to pro se Plaintiff. SO ORDERED. Dated: June 5, 2019
New York, New York

The Clerk of Court is respectfully directed to mail a copy of this order to pro se Plaintiff.
SO ORDERED.
Dated: September 3, 2019
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

5