

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/31/2019

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**SAMANTHA J. PALLINI**
*Assistant Corporation Counsel*
phone: (212) 356-2641
fax: (212) 356-1148
spallini@law.nyc.gov

October 30, 2019

**BY ECF**
Honorable Lorna G. Schofield
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    Christopher Hiram Cano v. City of New York, et al.,
                19 Civ. 1640 (LGS)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and the attorney assigned to represent Defendants City of New York, New York City Health and Hospitals, Captain Charles, Correction Officer Chisolm, Correction Officer Santiago, and Captain Robinson in the above-referenced matter.[1] Defendants write to inform the Court that Plaintiff was discharged yesterday from New York City Department of Corrections ("DOC") custody and, thus, Defendants respectfully request a 45-day extension of time to complete discovery, from November 4, 2019 to December 19, 2019. This is the second request, and the undersigned was unable to contact Plaintiff for his consent.

    By way of background, Plaintiff alleges, *inter alia*, that while Plaintiff was incarcerated at the Vernon C. Bain Center in September of 2017, correction officers failed to protect Plaintiff from two separate assaults by fellow inmates. (See Civil Docket Entry No. 13.)

    Fact discovery is set to close in this matter on Monday, November 4, 2019. (See Civil Docket Entry No. 31, at 3.) On October 22, 2019, Defendants requested leave of Court to depose Plaintiff, pursuant to Federal Rule of Civil Procedure 30(a)(2)(B). (Civil Docket Entry No. 39.) On October 23, 2019, the Court granted Defendants' request and ordered that Plaintiff be

---

[1] Upon information and belief, Correction Officer Murray has not been served with process and, thus, is not yet a party to this action.

produced for a deposition at the Manhattan Detention Complex on Thursday, October 31, 2019, commencing at 10:00 a.m. (Civil Docket Entry No. 42.)

On October 29, 2019, the undersigned learned that, upon information and belief, Plaintiff was discharged from the custody of DOC on October 29, 2019 and transferred to the custody of a New York State hospital or facility. Upon information and belief, Plaintiff was recently sentenced in his criminal proceeding and, thus, will not be returning to DOC custody. At this time, the undersigned has not yet been able to locate or confirm where Plaintiff is committed or incarcerated; therefore, Defendants cannot proceed with Plaintiff's October 31, 2019 deposition as scheduled. In order to complete discovery and to take the deposition of Plaintiff, the undersigned requires time to locate Plaintiff, confer with the authorities of any hospital or facility where Plaintiff is housed, organize a new time and location for a deposition, and secure a new Order to Produce from the Court. Absent this, Defendants cannot go forward with discovery or this action.

For the foregoing reasons, Defendants request a 45-day extension of time, from November 4, 2019 to December 19, 2019, to complete discovery and to take Plaintiff's deposition. If the Court would like, the undersigned can provide the Court with a status letter in two weeks, on November 13, 2019.

Defendants thank the Court for its attention.

Application GRANTED in part. The deadline for fact discovery is hereby extended from November 4, 2019, to November 25, 2019. Defendants shall file a status letter on November 13, 2019, providing the Court with an update on discovery and Plaintiff's deposition. No further extensions will be granted absent extraordinary circumstances.

Dated: October 31, 2019
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

Samantha J. Pallini
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Christopher Hiram Cano (by First-Class Mail)
*Plaintiff Pro Se*
Manhattan Detention Complex[2]
125 White Street
New York, New York 10013

---

[2] Upon information and belief, Plaintiff's last known DOC is Manhattan Detention Complex ("MDC"), and not the George R. Vierno Center as stated on the docket at Civil Docket Entry No. 43. Accordingly, Defendants mailed a letter to Plaintiff's MDC address. The undersigned has not yet been able to locate Plaintiff's current address which, upon information and belief, is a New York State hospital or facility.

2