```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
CHRISTOPHER HIRAM CANO,                       :
                                              :
                    Plaintiff,                :
                                              :          19 Civ. 1640 (LGS)
         -against-                            :
                                              :                ORDER
                                              :
CITY OF NEW YORK, et al.,                     :
                    Defendants.               :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/14/2020

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on January 8, 2020, Plaintiff filed an application requesting appointment of pro bono counsel (Dkt. No. 48);

WHEREAS, the *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Courts rather have broad discretion when deciding whether to grant an indigent litigant's request for pro bono representation. Even if a court believes that a litigant should have a free lawyer, a court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989). Courts moreover do not have funds to pay counsel in civil matters. Applications for pro bono counsel must be granted sparingly, and with consideration of the public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth factors a court should consider in deciding whether to grant an indigent litigant's pro bono counsel request. 802 F.2d at 61-62. At the threshold, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying

for leave to proceed in forma pauperis. The litigant must also demonstrate that its claim "seems likely to be of substance," "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, then court must consider further factors including:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors). In considering these factors, courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61. It is hereby

**ORDERED** that Plaintiff's request for appointment of pro bono counsel is DENIED. The papers filed in this action do not establish at this time that Plaintiff's claim is sufficiently meritorious to warrant requesting pro bono counsel. Such requests must be made sparingly to preserve the "precious commodity" of volunteer lawyer time. *Cooper*, 877 F.2d at 172-73. This denial, however, is without prejudice to reconsideration of Plaintiff's application, for purposes of representation for settlement or at trial. If a request for pro bono counsel is appropriate at that time, the Court will issue an order. Plaintiff is directed to review the Court's September 3, 2019, Order, denying Plaintiff's oral application for pro bono counsel without prejudice to renew, in the event of settlement discussions or trial (Dkt. No. 32), for further information.

The Clerk of Court is respectfully directed to mail a copy of this Order and the Order at Dkt. No. 32 to pro se Plaintiff.

Dated: January 14, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE