USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _2/10/2020_



**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**SAMANTHA J. PALLINI**
*Assistant Corporation Counsel*
phone: (212) 356-2641
fax: (212) 356-1148
spallini@law.nyc.gov

January 10, 2020

**BY E-MAIL**
Honorable Lorna G. Schofield
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Application GRANTED. The January 10, 2020, status letter at Dkt. No. 55 shall be filed under seal. Only Christopher Hiram Cano and Nicolette Pellegrino shall have access to the letter at Dkt. No. 55. The Clerk of Court is respectfully directed to mail a copy of the entries at Dkt. Nos. 54 and 55 to pro se Plaintiff. SO ORDERED.
February 10, 2020
New York, New York

**REQUEST TO FILE UNDER SEAL**

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**PURSUANT TO YOUR HONOR'S INDIVIDUAL RULE I.C.3**

Re: <u>Christopher Hiram Cano v. City of New York, et al.</u>,
19 Civ. 1640 (LGS)

Your Honor:

I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to represent Defendants City of New York, New York City Health and Hospitals, Captains Charles and Robinson, and Correction Officers Chisolm and Santiago in the above-referenced matter.[1] Defendants write to respectfully request that Defendants be permitted to submit the attached status letter, annexed hereto as Exhibit "A," under seal on the docket because it discusses matters and documents which have been explicitly protected from disclosure by the parties' Stipulation of Confidentiality and Protective Order (hereinafter, "Protective Order") and also concerns other private and/or confidential matters concerning Plaintiff. (<u>See</u> Civil Docket Entry No. 37, ¶ 2(f).)

By way of background, *pro se* Plaintiff Christopher Hiram Cano was scheduled to be deposed by the undersigned at Manhattan Detention Complex ("MDC") on October 31, 2019. In preparation for that deposition, however, on October 29, 2019, the undersigned learned that

---

[1] Upon information and belief, Correction Officer Murray has not been served with process and, thus, is not yet a party to this action.

Plaintiff was discharged from New York City Department of Correction custody into the custody of New York State. (See Civil Docket Entry No. 44, 45.)

On November 8, 2019, the undersigned informed the Court, under seal, of an update with respect to Plaintiff's custody status and relevant criminal case, which are confidential both pursuant to HIPAA and the Protective Order in this action. (Civil Docket Entry No. 46.) Pursuant to the parties' Protective Order, endorsed by the Court on September 26, 2019, "[a]ny records unsealed as a result of Plaintiff's properly executed authorization for the unsealing of records pursuant to New York Criminal Procedure Law §§ 160.50 and 160.55, particularly pertaining to Bronx Supreme Court Indictment No. 02396/2016[,]" are to be designated confidential materials and protected from disclosure to third parties, except those persons listed in paragraph 5. (Civil Docket Entry No. 37, at ¶ 2(f).)

Here, the contents of this status letter discuss the current custody status of Plaintiff, disclosure of which may violate HIPAA. In addition, the information contained in the annexed status letter also directly relates to Plaintiff's Bronx Supreme Court Indictment No. 02396/2016, which includes records that are not publicly available and which are protected by the Protective Order. As such, these records are deemed confidential and the parties respectfully request that this application be filed under seal.

Accordingly, for the foregoing reasons, Defendants respectfully request permission to file the annexed letter, marked as Exhibit "A," under seal. Defendants thank the Court for its attention to this matter.

Respectfully submitted,

Samantha J. Pallini
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   Christopher Hiram Cano (by First-Class Mail)
      *Plaintiff Pro Se*
      Mid-Hudson Forensic Psychiatric Center
      2834 Route 17M, Ward 22
      New Hampton, New York 10958-0158