

**JAMES E. JOHNSON**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**NICOLETTE PELLEGRINO**
*Assistant Corporation Counsel*
Phone: (212) 356-2338
Fax: (212) 356-3509
Email: npellegr@law.nyc.gov

**REQUEST TO FILE UNDER SEAL**

November 9, 2020

VIA E.C.F.
Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    Christopher Hiram Cano v. City of New York, et al.,
              19 Civ. 1640 (LGS)

Your Honor:

       I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendants City of New York, New York City Health and Hospitals, New York City Department of Correction ("DOC") Captains Charles and Robinson, and DOC Officers Chisolm and Santiago (collectively, "Defendants") in the above-referenced matter.[1] Defendants write to respectfully request that the Defendants be permitted to file their anticipated November 9, 2020 letter application under seal because it discusses matters and documents which have been explicitly protected from disclosure by the Court's September 26, 2019 Stipulation of Confidentiality and Protective Order (hereinafter, "Protective Order") and also concerns other private and/or confidential matters concerning Plaintiff. (See Dkt. No. 37 at ¶ 2(f).)

       By way of background, Plaintiff was scheduled to be deposed by Defendants at the Manhattan Detention Complex on October 31, 2019. However, on October 29, 2019, the Defendants learned that Plaintiff was discharged from DOC custody into the custody of New York State. (See Dkt. Nos. 44, 45.)

---

[1] Upon information and belief, DOC Officer Murray has not been served with process and, thus, is not yet a proper party to this action.

Upon information and belief, on November 8, 2019, former Assistant Corporation Counsel Samantha J. Pallini provided the Court, under seal, with an update regarding the Plaintiff's custody status and relevant criminal case, which are confidential pursuant to HIPAA and the Protective Order. Pursuant to the Protective Order, "[a]ny records unsealed as a result of Plaintiff's properly executed authorization for the unsealing of records pursuant to New York Criminal Procedure Law §§ 160.50 and 160.55, particularly pertaining to Bronx Supreme Court Indictment No. 02396/2016[,]" are to be designated confidential materials and protected from disclosure to third parties, except those persons listed in paragraph 5. (See Dkt. No. 37 at ¶ 2(f).)

Here, the contents of the Defendants' anticipated November 9, 2020 letter application concern the Plaintiff's custody status and certain disclosure on the public docket may violate HIPAA. In addition, the information contained in the Defendants' anticipated letter application also directly relates to Plaintiff's Bronx Supreme Court Indictment No. 02396/2016, which includes records that are not publicly available and which are protected by the Protective Order.

Accordingly, the Defendants' anticipated filing contains confidential information, and the Defendants respectfully request the Court's permission to file the Defendants' anticipated November 9, 2020 letter application under seal.[2]

The Defendants thank the Court for its consideration.

Respectfully submitted,

/s/ Nicolette Pellegrino
Nicolette Pellegrino
*Assistant Corporation Counsel*
Special Federal Litigation Division

---

The application is GRANTED.  The November 9, 2020, status letter at Docket No. 96 shall be filed under seal.  Only Christopher Hiram Cano, Nicolette Pellegrino, the City of New York, the New York City Health and Hospitals Corporation, Correctional Officers Chisolm, Santiago, Murray, and Captains Robinson and Charles shall have access to the letter at Docket No. 96. Defendants' application to continue the stay for an additional three months is GRANTED. The parties shall continue to submit joint status letters every **thirty days**, following the most recent November 9, 2020, letter.  The letters shall update the Court on (1) the status of Plaintiff's treatment at MHFPC, (2) the status of Plaintiff's habeas challenge to the Article 730 order and (3) where Plaintiff is being housed, in addition to any other relevant matters.

The Clerk of Court is respectfully directed to mail a copy of this Order to pro se Plainiff and close the docket entry at No. 95.

SO ORDERED

Dated: November 9, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2