UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
CHRISTOPHER HIRAM CANO,                          :
                          Plaintiff,           :
                                           :           19 Civ. 1640 (LGS)
          -against-                               :
                                           :                  <u>ORDER</u>
CORRECTION OFFICER CHISOLM, et al.,    :
                        Defendants.     :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on June 14, 2023, a letter motion from Plaintiff dated May 24, 2023, docketed. Plaintiff's letter motion alleges that Defendants have failed to provide adequate responses to Plaintiff's interrogatories and requests for production of documents. The letter seeks an order to compel responses and an order to compel the joinder of Corrections Officer Murray as a Defendant in this case. On June 22, 2023, Defendants filed a letter opposing the requests.

      WHEREAS, Plaintiff's letter focuses on Defendants' responses to Plaintiff's Interrogatories Numbers 1 and 2. Interrogatory Number 1 seeks video footage of an incident on September 17, 2017. Defendant's response states that "upon information and belief, there is no video footage of the [incident]." Interrogatory Number 2 seeks an explanation as to why video footage of the incident was not recovered and why Defendants' failure to record and retain such footage is lawful. Defendants' response objects to the interrogatory on various grounds and states that they will not respond to the interrogatory.

      WHEREAS, Plaintiff seeks to compel joinder of Correction Officer Murray, No. 1185, under Federal Rules of Civil Procedure 19 and 21. Joinder is unnecessary as Murray is named as a Defendant in the Complaint. Murray has not been served. Defendants state that Murray is no longer employed by the City of New York as a corrections officer. Pursuant to Federal Rule of

Civil Procedure 4(m), the time limit to serve a defendant is within 90 days after a complaint is filed.  Rule 4(m) continues that if a defendant is not served within 90 days, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  The Complaint in this case was filed on February 20, 2019.  On March 29, 2019, Defendant City of New York filed a waiver of service on ECF.  On April 16, 2019, the City of New York filed a waiver of service with respect to Chisolm, Robinson, Charles and Santiago, all individual corrections officers, on ECF.  The same day, the City of New York filed an unexecuted waiver of service with respect to C.O. Murray, stating the reason service was not waived was that Murray was "[n]o longer an employee of the agency."

WHEREAS, an Order issued May 23, 2023, set a deadline for a pre-motion letter regarding any contemplated motion for summary judgment of July 7, 2023.  It is hereby

**ORDERED** that Plaintiff's letter motion is **GRANTED IN PART**.  Defendants shall provide a supplemental response to Plaintiff's interrogatories by **July 12, 2023.**  Defendants shall state whether, at the time of the September 17, 2017, incident, a video camera was in place to capture activity at the time the incident occurred.  If no video camera was in place, Defendants shall explain their practice (at the relevant time) regarding the placement of cameras at the facility in which Plaintiff is incarcerated.  If a video camera was in place, Defendants shall explain why the incident was not recorded and any relevant policies and procedures regarding the retention and recovery of video tapes.  It is further

**ORDERED** that Plaintiff's letter motion to compel joinder is construed as a motion to extend the time to serve Defendant Murray.  The motion is **GRANTED**.  By **July 12, 2023**, Defendants shall file a letter on ECF with any contact information for Murray that they are able

to locate through reasonable diligence, to assist the U.S. Marshals in effectuating service. Such letter may be filed under seal because it contains confidential personal information. In the event service is unsuccessful, the claims against C.O. Murray will be dismissed pursuant to Rule 4(m). It is further

**ORDERED** that any pre-motion letter regarding a motion for summary judgment shall be filed by **July 14, 2023**.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff.

Dated: July 5, 2023
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**