UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER HIRAM CANO,<br><br>        Plaintiff,<br><br> -against-<br><br>CORRECTIONAL OFFICER CHISOLM, *et al.*,<br><br>        Defendants. | 19-CV-1640 (AS)<br><br>SUPPLEMENTAL ORDER OF SERVICE |

ARUN SUBRAMANIAN, United States District Judge:

  In February of 2019, Christopher Hiram Cano filed this case pro se, asserting § 1983 claims against various defendants. A few weeks later, this Court granted Cano's application to proceed IFP. Dkt. 4. It then requested that defendants waive service. Dkt. 6. On April 16, 2019, the waiver of service was returned unexecuted as to defendant Ashley Murray, explaining that Murray was no longer employed by the Department of Corrections. Dkt. 11. No further attempt at service was made. Years later, Cano requested that Murray be joined, which the Court construed as a request to extend the time for service. Dkt. 178. The Court granted the request, though there was a delay in service. *Id.*

  Service was returned unexecuted on November 13, 2023, after the Marshals made two attempts at personal service. Dkt. 190. It is unclear whether defendant is evading service or no longer resides at the address. *Id.* The Court asked the other defendants for additional contact information. Counsel for the other defendants tried calling and texting another potential phone number for defendant Murray, but the calls went to voicemail and the texts went unanswered. Dkt. 192.

  The 90 days for service have now passed. Nonetheless, the Court extends the time for service and orders the Marshals to both (1) make a third attempt at personal service and (2) execute a "nail and mail."

## DISCUSSION

  The time for service can be extended for good cause. *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016). "As long as the pro se prisoner provides the information to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)." *Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010). Cano is a pro se prisoner who provided sufficient information to identify defendant Murray, so there is good cause. The Court will thus grant a 90-day extension for service.

The Court also ORDERS the U.S. Marshals Service to make a third attempt at personal service on Ashley Murray. The Court observes that the last known address used for service may not be defendant's current address, so a call or email to defendant may be useful to determine defendant's current residence for service. If that attempt is not successful, the Court ORDERS the Marshals to execute a "nail and mail." Federal Rule of Civil Procedure 4(e) provides that "service upon an individual from whom a waiver has not been obtained and filed ... may be effected in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is located, or in which service is effected . . . ." N.Y.C.P.L.R. § 308(4) allows service to be effectuated by "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode … and by … mailing the summons to such person at his or her last known residence," referred to as "nail and mail."

To allow Plaintiff to effect service of the complaint on defendant Ashley Murray through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Murray. The contact information for Murray is available at Dkt. 179. The Clerk of Court is further instructed to issue a summons for Defendant and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the complaint upon Murray. The Marshals Service is further directed to first make a third attempt at personal service and then effect service pursuant to N.Y.C.P.L.R. § 308(4). The Marshals can affix the summons immediately after the third personal service attempt fails (negating the need for multiple trips). The mailing must be made within 20 days of affixing. N.Y.C.P.L.R. § 308(4). And the affidavit of service should describe the prior attempts at personal service. *Id.*

## CONCLUSION

The Court directs the Clerk of Court to issue a summons for Defendant; complete a USM-285 form with the address of Defendant; and deliver all documents necessary to effect service of the complaint on Defendant Ashley Murray to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this Order to Plaintiff at the address listed and to show service on the docket.

Nothing in this order shall affect the current deadlines in this case, including the deadline for summary judgment motions as to the other defendants.

SO ORDERED.
Dated: January 4, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge