UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER HIRAM CANO,<br><br>      Plaintiff,<br><br>-against-<br><br>CORRECTIONAL OFFICER CHISOLM; CAPTAIN ROBINSON; CAPTAIN CHARLES; CORRECTIONAL OFFICER SANTIAGO; CORRECTIONAL OFFICER MURRAY; THE CITY OF NEW YORK; and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,<br><br>      Defendants. | 19-cv-1640 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

  The case has been pending since February 2019. Dkt. 1. In January 2024, defendants filed a motion for summary judgment. Dkt. 196. In March 2024, the Court stayed the case at Cano's request, pending resolution of a 730 Order in Cano's criminal cases. *See* Dkts. 209, 214. The Court then continued the stay because Cano, who was incarcerated, indicated that she was having trouble accessing the materials she needed to prepare her opposition to defendants' summary judgment motion. Dkt. 226. The Court ordered defendants to confer with Cano about the access issues and when the stay could be lifted. Dkt. 228. Cano indicated that she didn't want to discuss lifting the stay until after she was released. Dkt. 235. According to defendants, Cano was released on September 10, 2024. Dkt. 238. On November 13, 2024, the Court lifted the stay and ordered Cano to respond to the motion for summary judgment or otherwise get in touch with the Court by February 27, 2025. Dkt. 242. Cano failed to file any response.

  Under Federal Rule of Civil Procedure 41(b), a district court "may dismiss an action for plaintiff's want of prosecution." *United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 164 (2d Cir. 2023). Dismissal under this rule is appropriate when "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Id.* (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

  Here, these factors favor dismissal. First, defendants' motion for summary judgment was filed over one year ago, and Cano has yet to respond in any way, despite multiple warnings from the Court that the failure to respond may result in dismissal. The Court recognizes that plaintiff's incarceration made this task more difficult, which is why it stayed the case for months and then gave Cano months to respond. But since Cano's release, she hasn't contacted the Court to explain her lack of responsiveness. Second, the Court has given Cano two warnings that her continued

silence might lead to dismissal. Dkts. 242, 244. Third, prejudice can be presumed "where the plaintiff repeatedly failed to file documents that the court ordered, even after being warned that he was risking dismissal." *Drake*, 375 F.3d at 257. Fourth, this case has been pending for six years, and the motion for summary judgment has been open for a year. Without any response from Cano, this case threatens to linger on the Court's calendar indefinitely. And Cano seems to have lost all interest in having her day in court. Nor does the Court see how lesser sanctions could be helpful here, given plaintiff's complete lack of responsiveness. *See McLean v. City of New York*, 2007 WL 415138, at *4 (S.D.N.Y. Feb. 6, 2007) ("A court should not have to beg the parties before it to litigate the cases they initiate.").

Accordingly, the suit is dismissed without prejudice to the right to reopen the action if extenuating circumstances prevented Cano from responding to the Court's orders. If Cano wishes to pursue this action, she may write to the Court explaining her lack of responsiveness, at which point the Court will decide whether to reopen this case pursuant to Federal Rule of Civil Procedure 60(b)(6). The Clerk of Court is respectfully requested to close this case.

SO ORDERED.

Dated: March 10, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge